UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY LUCIFER BOONE,

                    Petitioner,              07 Civ. 5686 (RPP)

        - against -                  OPINION AND ORDER

UNITED STATES OF AMERICA,

                    Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       Henry Lucifer Boone ("Petitioner"), proceeding *pro se*, brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner argues that (1) his convictions on counts One and Two resulted from an unconstitutional constructive amendment of the Superseding Indictment, (2) the search that led to his arrest was unconstitutional, (3) his confession was coerced and both his trial and appellate counsel failed to raise this issue, (4) his conviction was obtained in violation of his Fifth Amendment right to a fair trial due to suppressed material evidence, and (5) the Government engaged in prosecutorial misconduct during its summation. (Petitioner's Mem. Supp. §2255 Mot.)

       For the reasons set forth below, Petitioner's motion is denied.

**BACKGROUND**

**I. Relevant Facts**

       On the morning of June 5, 2002, members of the Street Narcotics Enforcement Unit went to 1408 Webster Avenue, Apartment 14H in the Bronx to execute a search

warrant. (Trial Tr. at 114.) Police officers were stationed in and around the apartment building, including two officers who were stationed in the courtyard below Apartment 14H. (Id. at 73, 116.) While officers from the Emergency Services Unit (the "ESU") were attempting to enter the apartment, one of the officers stationed in the courtyard saw several small blue objects coming from a window on the 14th floor. (Id. at 78.) These object turned out to be narcotics. Police officers recovered, in total, forty-seven blue "slabs" of crack cocaine from the courtyard. (Id. at 82-83.) After the ESU gained entry into Apartment 14H, Petitioner and his girlfriend Shakima Lopez were removed from the apartment (Id. at 125.)

During the search of the apartment, the police found, among other things, a loaded firearm with the serial number defaced, various ammunition, a plate, two razors, a straw with cocaine residue, drug packaging materials, a large bag of marijuana, and another bag containing smaller packets of marijuana (Id. at 125-60.) At the police precinct, Petitioner signed a written confession witnessed by two officers. (Id. at 195, 387.)

## II.  Procedural History

The Government filed a five-count indictment (S2 02 Cr. 1185) against Petitioner on November 6, 2003. Count One charged Boone with distributing and possessing with intent to distribute cocaine base (or "crack") in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2. Count Two charged Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 2. Count Three charged Petitioner with possessing a firearm which had the serial number removed, obliterated or altered, in violation of 18 U.S.C. § 922(k) and 18

2

U.S.C. § 2. Count Four charged Petitioner with possessing a firearm following three prior convictions for violent felonies in violation of 18 U.S.C §§ 922(g)(1), 924(e) and 18 U.S.C § 2.[1] Count Five charged Petitioner with possessing ammunition following three prior convictions for violent felonies in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and 18 U.S.C § 2.

Petitioner's trial commenced on November 10, 2003 and ended on November 18, 2003 when the jury returned a guilty verdict on all five counts of the indictment. On December 12, 2003, Petitioner filed a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Federal Rule of Criminal Procedure 33. Petitioner challenged the sufficiency of the evidence, claiming that the Government failed to present evidence legally sufficient to permit the jury to convict Petitioner of any count in the indictment. Upon its conclusion that the Government had presented sufficient evidence to sustain Petitioner's convictions, this Court denied Petitioner's motion on January 29, 2004. Petitioner was sentenced to a term of 324 months' imprisonment to be followed by five years of supervised release.

Petitioner appealed his conviction, raising four issues. Petitioner argued that (1) the Government had failed to prove his guilt beyond a reasonable doubt as to each count on which he was convicted, (2) the court erred in denying his motion to withdraw the aiding and abetting instruction (given initially without defense objection) from the jury during deliberations, (3) he received ineffective assistance of counsel because counsel failed to object timely to the aiding and abetting charge, and (4) he was sentenced in violation of his Sixth Amendment rights because the Court believed the Sentencing

---

[1] The parties stipulated that prior to June 5, 2002, Petitioner was convicted of a felony in New York State Supreme Court, Bronx County. (Trial Tr. at 618-19).

3

Guidelines were mandatory. The Second Circuit affirmed Petitioner's convictions on February 7, 2005. United States v. Boone, 120 Fed. Appx. 868 (2d Cir. 2005). The Second Circuit held that the Government had presented sufficient evidence to sustain Petitioner's conviction on all five counts, that the trial court did not err in charging the jury on aiding and abetting liability, and that Petitioner could not show a reasonable probability that but for his counsel's failure to timely object to the jury instruction, the result of the trial would have been different. Id. at 870-71.

The Second Circuit remanded to the district court for the purpose of determining whether to re-sentence Petitioner in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). On May 2, 2006, Petitioner appeared before this Court for re-sentencing. Following oral arguments from both parties and hearing from Petitioner, this Court reduced Petitioner's prison sentence to the minimum mandatory sentence of 240 months.

**DISCUSSION**

**I. Standard of Review**

In reviewing the instant petition, this Court is mindful that Petitioner is proceeding *pro se*. For this reason, Petitioner's submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and read "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (citation omitted).

Section 2255 of Title 28 of the United States Code provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the

> sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. In considering a petition brought pursuant to Section 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id.

"It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)). A claim that was previously raised on appeal is procedurally barred. See Riascos-Prado v. United States, 66 F.3d 30, 33 (2d Cir. 1995); Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993) (superseded by statute on other grounds). Petitioner can overcome this procedural bar—and a court may consider an issue that was dealt with on direct appeal— "only where there has been an intervening change in the law and the new law would have exonerated a defendant had it been in force before the conviction was affirmed on direct appeal." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980).

If, on the other hand, a habeas petitioner asserts a claim that he did not raise on direct review, that claim will be considered procedurally defaulted and thus ineligible for review in a § 2255 proceeding unless the petitioner "can first demonstrate either 'cause' [for the default] and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (citations omitted). To satisfy the "cause" requirement, the petitioner must show circumstances "external to the petitioner,

5

something that cannot be fairly attributed to him." Petitionerman v. Thompson, 501 U.S. 722, 753 (1991). Attorney ignorance or error is not "cause" for a procedural default unless the error rises to the level of constitutional ineffectiveness. Id. at 752-55. To establish "prejudice," the petitioner must establish that the errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Rodriguez v. Mitchell, 252 F.3d 191, 203 (2d Cir. 2001) (citation omitted). Finally, to establish actual innocence, the petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousely, 523 U.S. at 623 (internal quotation marks and citations omitted). The rule of procedural default does not extend to claims of ineffective assistance of counsel, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

**II. Petitioner's Claims for Relief**

    **A. Petitioner's Claims are Procedurally Barred**

With the exception of Petitioner's claim of ineffective assistance of counsel, all of Petitioner's claims are procedurally barred because they were either raised or could have been raised previously. First, Petitioner's claims of an unconstitutional search and coerced confession are substantially identical to claims in Petitioner's motion to suppress which were rejected by this Court prior to trial. United States v. Boone, No. 02 Cr. 1185, 2003 U.S. Dist. LEXIS 3165 (S.D.N.Y. Mar. 5, 2003). Second, his claims challenging an evidentiary ruling and propriety of the Government's summation were claims he could have raised on direct appeal. Petitioner has not attempted to show cause for his failure to

raise these claims previously. Similarly, he has not attempted to establish prejudice or actual innocence. Thus, these claims remain procedurally barred. Finally, a claim of an unconstitutional constructive amendment of the indictment is essentially a challenge to the sufficiency of the evidence against him. Petitioner has already raised this challenge to the sufficiency of the evidence before both this Court and the Second Circuit, and it has been rejected by both courts. United States v. Boone, No. 02 Cr. 1185, 2004 U.S. Dist. LEXIS 1179 (S.D.N.Y. Jan. 29, 2004); United States v. Boone, 120 Fed. Appx. 868 (2d Cir. 1005). A § 2255 petition is not a substitute for appeal. United States v. Munoz, 143 F.3d 632, 637 (2d Cir.1998). Accordingly, except for his claim of ineffective counsel, Petitioner's claims are procedurally barred.

### B. The Merits of Petitioner's Claims for Relief

Each of Petitioner's procedurally barred claims nonetheless fails on the merits.

#### 1. Unconstitutional constructive amendment of the indictment

Petitioner argues that there was an unconstitutional constructive amendment of Counts One and Two of the indictment because those charges related to crack cocaine, but there was evidence related to marijuana introduced at trial. (Mem. Supp. Mot. at 3-10.)

"Constructive amendment occurs when the terms of the indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." United States v. Wallace, 59 F.3d 333, 337 (2d Cir. 1995) (citations omitted). Where a constructive amendment occurs, the defendant is consequently "convicted on a charge the

7

grand jury never made against him." United States v. Morgenstern, 933 F.2d 1108, 1115 (2d Cir. 1991). It is well established that a constructive amendment is "per se prejudicial, as it directly violates the grand jury clause of the Fifth Amendment." Id.; see also United States v. Weiss, 752 F.2d 777, 787 (2d Cir. 1985).

When assessing a claim of constructive amendment, the "crucial question . . . is whether [the defendant] was convicted of an offense not charged in the indictment." Stirone v. United States, 361 U.S. 212, 213 (1960). In the instant case, Count One of the indictment charged Petitioner with distributing and possessing with intent to distribute cocaine base, or "crack," in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Count Two charged Petitioner with using and carrying a firearm during and in relation to a drug trafficking crime and with possessing a firearm in furtherance of such crime, in violation of 18 U.S.C §§ 924(c)(1)(A)(i) and 2. At trial, the Government presented evidence establishing each of the elements of these crimes, and the jury was specifically instructed that to convict Petitioner on either Count One or Count Two, the jury had to find beyond a reasonable doubt that he distributed or possessed with intent to distribute crack cocaine. (Trial Tr. at 762-72.) The jury returned guilty verdicts on both Counts One and Two as they were charged in the indictment. (Id. at 857-858.)

That evidence of marijuana was introduced at Petitioner's trial does not alone constitute a constructive amendment of the indictment. The marijuana was recovered during the search of the apartment and the consequent arrest of Petitioner. Indeed Petitioner relied on the marijuana during his testimony to claim that the crack belonged to Ms. Lopez whereas he was the possessor of the marijuana. The Second Circuit has

8

"consistently permitted significant flexibility in proof, provided that the defendant was given notice of the 'core of criminality' to be proven at trial." United States v. Patino, 962 F.2d 263, 366 (2d Cir. 1992) (quoting United States v. Heimann, 705 F.2d 622, 666 (2d Cir. 1983)). Here, the Government presented sufficient proof to support Counts One and Two as they were charged in the indictment, including Petitioner's own signed confession, police testimony, physical evidence of crack cocaine, and a loaded firearm. Based on this evidence, the jury found beyond a reasonable doubt that Petitioner distributed or possessed with intent to distribute crack cocaine and found him guilty of Counts One and Two as charged in the indictment.

### 2. Improper Search

Petitioner argues that the June 5, 2002 search that led to his arrest violated his rights under the Fourth and Fourteenth Amendments. Specifically, he alleges that the arresting police officers failed to produce the search warrant before entering and removing him from his apartment. (Mem. Supp. Mot. at 15.) Petitioner does not dispute the validity of the search warrant; he only complains that the police officers failed to show it to him at the time of the search.

The June 5, 2002 search was conducted pursuant to a search warrant issued by Judge Ralph Fabrizio of the New York State Supreme Court, Bronx County on May 30, 2002. The warrant authorized a search of the premises rented by Shakima Lopez by the police without giving notice of their authority or purpose. The warrant further authorized the police to seize any "'controlled substance . . . and any evidence tending to demonstrate that the premises are utilized for the unlawful possession, packaging and sale of cocaine and other drug paraphernalia and evidence tending to establish ownership of

9

the premises and connect persons found therein to the premises, to wit: personal papers and effects.'" United States v. Boone, No. 02 Cr. 1185, 2003 U.S. Dist. LEXIS 3165, at *8 (S.D.N.Y. Mar. 5, 2003). Because the search warrant at issue authorized the police to proceed without giving notice, the officers were not required to show it to Petitioner. Thus, no violation of Petitioner's constitutional rights occurred during the June 5, 2002 search of the apartment.

### 3. Coerced Confession and Ineffectiveness of Counsel

Petitioner argues that his confession was coerced and that both trial and appellate counsel failed to raise this issue. (Mem. Supp. Mot. at 15-19.) In fact, by his motion to suppress, trial counsel moved to suppress Petitioner's confession. The circumstances surrounding Petitioner's confession were set forth in detail in this Court's March 5, 2003 pretrial Opinion and Order. See United States v. Boone, No. 02 Cr. 1185, 2003 U.S. Dist. LEXIS 3165, at *13-15 (S.D.N.Y. Mar. 5, 2003). Officer Reid, the arresting officer, testified that he did not give Miranda warnings immediately to Petitioner because he was not planning to ask him any questions. (Trial Tr. at 9-10.) Officer Reid testified that once at the station Petitioner was not asked any questions having to do with narcotics or firearms until after Detective Hickey arrived and gave the Petitioner his Miranda warnings. (Id. at 13-15.) Officer Reid testified that he witnessed Petitioner sign a card acknowledging that he understood the Miranda warnings (id. at 16-18; see Gov't Ex. 1), and Detective Hickey corroborated Officer Reid's testimony. Neither officer's testimony was refuted at the suppression hearing. This Court concluded that Petitioner's statement was voluntary as there was no indication that Petitioner did not receive his Miranda warnings, that he did not understand them, or that he did not make his confession

10

voluntarily. United States v. Boone, No. 02 Cr. 1185, 2003 U.S. Dist. LEXIS 3165, at *13-15 (S.D.N.Y. Mar. 5, 2003). Petitioner has not shown any new evidence or changes in law which would warrant disturbing the finding that his confession was voluntary. Accordingly, this part of his claim is rejected.

Petitioner also argues ineffectiveness of both trial and appellate counsel for failure to raise the issue of coerced confession. To establish ineffective assistance of counsel, Petitioner must (1) demonstrate that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms" and (2) "affirmatively prove prejudice" from counsel's defective performance. Strickland v. Washington, 466 U.S. 668, 687-88, 693-94 (1984). Both elements must be established to show that counsel "was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and that as a result, Petitioner was deprived of a fair proceeding. Strickland, 466 U.S. at 687. The two-prong Strickland test applies to ineffective assistance of appellate counsel claims as well as ineffective assistance of trial counsel claims. See Smith v. Robbins, 528 U.S. 259, 285 (2000). Under the first prong, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," bearing in mind that "[t]here are countless ways to provide effective assistance in any given case" and that "[e]ven the best criminal defense attorneys would not defend a particular client in the same way." United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 689). To satisfy the second prong, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

The record contradicts Petitioner's claims that trial counsel failed to raise his coerced confession claim and that appellate counsel "refused to raise the issue." (Mem. Supp. Mot. at 17.) Before trial, Petitioner's trial counsel filed a motion to suppress his statements based on the argument that they were involuntary. His trial counsel also sought early disclosure of notes and reports relating to the circumstances leading up to Boone's confession, alleging that it resulted from a "coercive environment." Then at trial, counsel cross-examined Officers Reid (Trial Tr. at 199-206, 217-23) and Detective Hickey (id. at 388-94) about the confession and argued during summation that the confession was unreliable and the result of coercion (id. at 664-86). Following trial, Petitioner's counsel once again challenged the confession in a Rule 29 motion. See United States v. Boone, No. 02 Cr. 1185, 2004 U.S. Dist. LEXIS 1179, at *21-22 (S.D.N.Y. Jan. 29, 2004). Petitioner's appellate counsel proceeded in the same vein, challenging the reliability of Petitioner's confession and the sufficiency of the Government's proof. See Brief for Appellant, United States v. Boone, No. 04 Cr. 2877 (2d Cir. July 22, 2004), 2004 WL 4947037, at *34.

Petitioner has not established that the actions taken by both his counsel fell below an objective standard of reasonableness under prevailing professional norms. Nor has he shown that he was prejudiced by any supposed defect in his counsels' performance. As Petitioner has failed to establish ineffective assistance of counsel, this part of his claim is rejected.

### 4. Suppression of Material Evidence

Petitioner argues that the Government suppressed material evidence by objecting to the admission of the search warrant affidavit into evidence. It appears that Petitioner is challenging the Court's decision to exclude the affidavit from evidence.

Decisions about admissibility of evidence are left to the discretion of the trial judge. See, e.g, United States v. Khalil, 214 F.3d 111, 122 (2d Cir. 2000). The trial judge's evidentiary rulings are reviewed for abuse of discretion. See United States v. Naiman, 211 F.3d 40, 51 (2d Cir. 2000). To find such abuse, a reviewing court "must be persuaded that the trial judge ruled in an arbitrary and irrational fashion." United States v. Dhinsa, 243 F.3d 635, 649 (2d Cir. 2001).

In this case, Petitioner made a pretrial motion for an order compelling disclosure of the identity of the confidential informant referenced in the affidavit that led to issuance of the warrant. The Court denied this motion finding that the evidence sought from the informant had not been shown to be relevant to the crimes charged in the indictment. United States v. Boone, No. 02 Cr. 1185, 2003 U.S. Dist. LEXIS 3165, at *20 (S.D.N.Y. Mar. 5, 2003). At trial, Petitioner's counsel attempted to enter the search warrant affidavit into evidence during the cross-examination of Officer Reid. (Trial Tr. at 339.) The Court sustained the Government's objection to its admission because the affidavit contained hearsay statements which the Government would have to elicit to rebut the inferences Petitioner's counsel would argue to the jury. (Id. at 341, 344.)

Petitioner challenges this ruling, arguing that the Government's claim of hearsay was false because the affidavit was "made under oath by and officer of the law in front of a criminal judge as to his personal involvement and observation." (Pet. at 19.) That the

13

document in question here was a sworn affidavit does not change the fact that it contained hearsay. Petitioner fails to establish a basis on which the statements would be exempt from the hearsay rule or any changes in facts or law that would warrant disturbing the trial court's exclusion of the warrant affidavit. Thus, this claim is denied.

### 5. Improper Summation

Petitioner argues that the Government engaged in prosecutorial misconduct during its summation, thereby depriving him of a fair trial. (Pet. at 23-27.) Specifically, Petitioner claims that the Government vouched for its witnesses, attacked Petitioner's credibility by calling his statements preposterous, took on the role of an unsworn witness, and intentionally misstated testimony about fingerprints being recovered. (Id. at 23.)

To prevail on a claim that a prosecutor engaged in misconduct during summation, a defendant must demonstrate that the allegedly improper remarks caused him "substantial prejudice," United States v. Bautista, 23 F.3d 726, 732 (2d Cir.1994), by "so infect[ing] the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted). Remarks of a prosecutor in summation do not amount to a denial of due process unless they constitute "'egregious misconduct.'" United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 647 (1974)).

"Determination of whether there should be a reversal [for prosecutorial misconduct] requires an evaluation of the severity of the misconduct, the curative measures taken, and the certainty of conviction absent the misconduct." United States v. Rosa, 17 F.3d 1531, 1549 (2d Cir. 1994); see also United States v. Elias, 285 F.3d 183,

190 (2d Cir. 2002). In making this determination, the court "must consider the objectionable remarks within the context of the entire trial," United States v. Espinal, 981 F.2d 664, 666 (2d Cir. 1992), reversing only if the remarks, "viewed against the entire argument before the jury, deprived the defendant of a fair trial." United States v. Pena, 793 F.2d 486, 490 (2d Cir. 1986) (internal quotation marks and citations omitted). Such a finding is generally made only on the basis of repeated improper statements by the prosecutor, not on merely one or two isolated transgressions. See, e.g., United States v. Shareef, 190 F.3d 71, 78 (2d Cir. 1999); United States v. Evangelista, 122 F.3d 112, 120 (2d Cir. 1997).

Petitioner claims that the Government attacked his credibility and took on the role of an unsworn witness when it made certain statements during summation. He takes issue with three statements in particular:

> "He knew about the loaded handgun. And he knew about that ammunition. He knew about them because they were his--his crack that he was going to sell, his gun which he had to protect his drug business, and his ammunition which he kept in a closet beneath his shoes with 9 millimeter ammunition in a crate in the living room with regards to those shotgun shells." (Trial Tr. at 627.)

> "Ladies and gentlemen, these items were not hidden. They were open. They were out there for anyone to see. They were out there for the defendant to see. He saw them. He put them there. They were his." (Trial Tr. at 638-39.)

> "Ladies and gentlemen, the defendant told you a pack of lies and half truths, half truths that are devastating for what he admitted and lies that are devastating because they show that he's got a guilty conscience. Ladies and gentlemen, let me end where I began. This is a simple and straightforward case. The defendant possessed this crack cocaine to sell, possessed this loaded semi-automatic handgun to protect the drug business, to further the drug business, possessed this ammunition, which was found in the apartment." (Trial Tr. at 662-63.)

Petitioner has not established, based on this record, that the Government made itself an unsworn witness in its summation. The Government did not personalize its arguments nor did it appeal to facts outside the record or facts within the particular knowledge of the prosecution. The Second Circuit has stated that the "government has broad latitude in the inferences it may reasonably suggest to the jury during summation." United States v. Zackson, 12 F.3d 1178, 1183 (2d Cir. 1993) (citation omitted). Counsel "are generally entitled to wide latitude during closing arguments, so long as they do not misstate the evidence." United States v. Tocco, 135 F. 3d 116, 130 (2d Cir. 1998). Here, the first two statements with which the Petitioner takes issue contain no more than inferences that the Government may reasonably suggest to the jury based on the evidence. Petitioner has not established that these two statements misstated the evidence in the record.

The third statement, while somewhat dramatic, does not rise to the level of "egregious conduct." It is of course inappropriate for the prosecutor to make a summation that is inflammatory. See, e.g., United States v. Gonzalez, 488 F.2d 833, 836 (2d Cir.1973) (reversing because of "combination of" error in the instructions, and inflammatory summation arguments that "you have to be born yesterday" to believe appellant's defense and that the defense is "an insult to your intelligence" (internal quotation marks omitted)). But a prosecutor is not expected to be a pussy cat. While the Second Circuit has reversed a conviction because of a prosecutor's argument "that, if the defendant is innocent, government agents must be lying," United States v. Richter, 826 F.2d 206, 209 (2d Cir.1987), it has noted that it is not ordinarily improper for the prosecution to make temperate use of forms of the word "lie" to highlight evidence

directly conflicting with the defense's testimony or "to characterize disputed testimony" where credibility was clearly an issue, particularly where "the prosecutor tied to the pertinent evidence of record" each instance in which the defendant supposedly "lied." United States v. Peterson, 808 F.2d 969, 977 (2d Cir. 1987) (reversing on other grounds). Here, the Government's summation reviewed Petitioner's testimony and emphasized the inconsistencies and contradictions in his statements. This conduct does not rise to the level of egregiousness.

Petitioner also claims that the government vouched for the credibility of witnesses during his summation. It is well established that the prosecution may not vouch for its witnesses' credibility. See, e.g., United States v. Perez, 144 F.3d 204, 210 (2d Cir. 1998). Vouching may prejudice a defendant by suggesting to a jury that there is additional evidence, not introduced at trial but known to the prosecutor that supports the witness's credibility. See United States v. Young, 470 U.S. 1, 18 (1985). Further, prosecutorial vouching "carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." Id. at 18-19; see also United States v. Melendez, 57 F.3d 238, 240-41 (2d Cir.1995).

In this case, the prosecutor stated, "[b]ecause ladies and gentlemen, despite what this defendant has said, the other witnesses are absolutely solid." (Trial Tr. at 639.) This statement does not raise a vouching concern because the prosecutor is only submitting certain credibility conclusions for jury consideration. The Second Circuit has stated that such submissions do not qualify as inappropriate vouching. United States v. Newton, 369 F. 3d 659, 681 (2d Cir. 2004); see also United States v. Perez, 144 F.3d at 210 (approving use of "I submit" to urge the jury to reach certain conclusions without impermissibly

interjecting the prosecutor's personal beliefs into the case). Regardless, Petitioner's counsel did not object to this statement during trial. Not only does this omission limit review to plain error, it also indicates that defense counsel at trial did not understand the statements to communicate impermissible vouching. See United States v. Canniff, 521 F.2d 565, 572 (2d Cir. 1975). Thus, the Court concludes that any inappropriate statements in the Government's summation do not warrant setting aside the conviction.

Finally, Petitioner claims that the Government intentionally misstated evidence about recovered prints in it summation. (Pet. at 23.) Petitioner has failed to point out any statement or circumstance which indicates that the Government intentionally or unintentionally misstated evidence about recovered fingerprints in its summation. In short, Petitioner has offered no support for this claim, and it is therefore denied.

Having reviewed Petitioner's various claims and the Government's remarks during summation, this Court concludes that the Government did not engage in conduct so egregious as to warrant reversal of Petitioner's conviction. Accordingly, Petitioner's claim of prosecutorial misconduct is denied.

## CONCLUSION

For the reasons stated above, Petitioner's §2255 petition for relief is denied.

IT IS SO ORDERED.

Dated: New York, New York
March 4, 2008

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order Sent to:**

*Pro-se Petitioner:*

Henry Lucifer Boone
#54082-054
U.S.P. Leavenworth
P.O. Box 1000
Leavenworth, KS 66048


*Counsel for Respondent:*

Michael J. Garcia, United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Attn:   Joshua A. Goldberg, A.U.S.A.
Tel:    212-637-2439