USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                :
HENRY LUCIFER BOONE,                        :
                                                :
                      Petitioner,          :          02-CR-1185 (JMF)
                                                :          13-CV-8603 (JMF)
         -v-                                  :
                                                :         MEMORANDUM OPINION
UNITED STATES OF AMERICA,            :              AND ORDER
                                                :
                      Respondent.         :
                                                :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Upon review of the parties' submissions, the Court is inclined to deny Petitioner's Section 2255 motion on the ground that it is bound by the holding in *United States v. Brown*, 52 F.3d 415, 426 (2d Cir. 1995), that robbery is a "crime of violence" within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), unless and until the Second Circuit itself holds otherwise. The Court acknowledges that *Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*"), casts some doubt on the continuing validity of *Brown* and similar cases. *See, e.g.*, *United States v. Johnson*, No. 15-CR-32 (BMC), 2016 WL 6684211, at *4-7 (E.D.N.Y. Nov. 12, 2016); *Diaz v. United States*, No. 16-CV-0323 (MAT), 2016 WL 4524785, at *5-7 (W.D.N.Y. Aug. 30, 2016); *see also United States v. Jones*, No. 15-1518, slip op. at 14-16 (2d Cir. July 21, 2016) (holding that "forcible stealing" under New York law does not constitute "violent force" under *2010 Johnson*), *vacated by* 2016 WL 5791619 (2d Cir. Oct. 3, 2016) (ordering that the appellee's petition be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544). But this Court is required to follow Second Circuit precedent "unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second

Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015). Thus, "[t]he precise question for this Court . . . is not whether, by its own analysis," *2010 Johnson* calls for a different result than that reached in *Brown*. *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004). Instead, it is whether *2010 Johnson* "so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule" *Brown* and similar cases. *Id.*; *see also Monsanto v. United States*, 348 F.3d 345, 351 (2d Cir. 2003) (noting that district courts and the Second Circuit itself are "required to follow" a Second Circuit decision, even if it is in "tension" with subsequent Supreme Court precedent, "unless and until that case is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision"); *United States v. Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994) ("[U]ntil the Supreme Court rules otherwise, the district court would be obliged to follow our precedent, even if that precedent might be overturned in the near future.").

The Court cannot conclude that the Second Circuit or the Supreme Court is "all but certain" to overrule *Brown* and similar cases, if only because the Second Circuit itself has repeatedly reaffirmed the holding of *Brown* since *2010 Johnson*. *See, e.g.*, *United States v. Miles*, 748 F.3d 485, 490 (2d Cir. 2014) (stating that the defendant's argument that robbery in the third degree does not qualify as a violent felony "fails under the plain language of ACCA," citing *Brown*); *Belk v. United States*, No. 16-765, 2016 WL 1587223, at *1 (2d Cir. Apr. 19, 2016) (citing *Brown* for the proposition that robbery convictions qualify as "ACCA predicates" under Section 924(e)(2)(B)(i)); *United States v. Bennett*, 604 F. App'x 11, 15-16 (2d Cir. 2014) (citing *Brown* and *Miles* in holding that robbery qualifies as a violent felony under ACCA); *United States v. Bogle*, 522 F. App'x 15, 19-20 (2d Cir. 2013) (holding that a conviction for attempted robbery in the second degree qualifies as a violent felony under ACCA); *see also, e.g.*, *United States v. Kornegay*, 641 F. App'x 79, 85 (2d Cir. 2016) (affirming that New York State robbery convictions are still "categorically crimes of

violence" under the elements clause of the career offender Guideline in U.S.S.G. § 4B1.1).  To be sure, all but one of those decisions were "non-precedential summary orders," and the decisions "do not undertake an analysis of robbery in New York pursuant to the Supreme Court's definition of 'force' in [*2010 Johnson*]."  *Johnson*, 2016 WL 6684211, at *6.  But a district judge is not "at liberty . . . to disregard," let alone "contradict[,] a Second Circuit ruling squarely on point merely because it was rendered in a summary order."  *United States v. Tejeda*, 824 F. Supp. 2d 473, 475 (S.D.N.Y. 2010); *see also United States v. Payne*, 591 F.3d 46, 58 (2d Cir. 2010) ("[D]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases").  And regardless, the fact that the Second Circuit itself has repeatedly reaffirmed the holding in *Brown* since *2010 Johnson* prevents the Court from concluding "that the Second Circuit or the Supreme Court is all but certain to overrule" *Brown* and other Circuit precedent reaching the same result.  *Emmenegger*, 329 F. Supp. 2d at 429.

For the foregoing reasons, the Court is inclined to deny Petitioner's motion (without reaching the Government's alternative arguments that the motion is untimely and procedurally barred).[1]  That said, the Court is agnostic about whether it is better to deny the motion and permit an immediate appeal (assuming that Petitioner would even be entitled to a certificate of appealability

---

[1] In a footnote in his opening papers, Petitioner asserts that his third conviction, for attempted assault in the first degree, "also fails to qualify" as a violent felony for ACCA purposes, but explicitly states that "resolution of that question is unnecessary for purposes of this petition."  (02-CR-1185, Docket No. 128, at 2 n.1).  In his reply papers, Petitioner includes another footnote stating as follows: "If the Court finds that resolution of the issue is necessary to decide this motion, Mr. Boone would ask that the Court provide both parties an opportunity to brief it."  (02-CR-1185, Docket No. 134, at 3 n.1).  Those footnotes are plainly insufficient to raise any argument with respect to Petitioner's assault conviction, *see, e.g., Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived . . . ."); *Levine v. Lawrence*, No. 03-CV-1694 (DRH), 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) ("[F]ailure to adequately brief an argument constitutes waiver of that argument . . . ."), and the Court declines Petitioner's request for another bite at the apple, as he had ample opportunity to make any arguments concerning the assault conviction in his initial papers.  Put simply, the old adage that "if at first you don't succeed, try try again" does not apply to litigation in federal court.

under Title 28, United States Code, Section 2253, insofar as *2010 Johnson* did not decide an issue of "constitutional" law) or to stay the case pending a decision by the Second Circuit in *Jones* (in which case, this Court could immediately act on any change in the law without the need to await a remand from the Second Circuit).  No later than **February 10, 2017**, the parties shall submit letter briefs advising the Court of their views on that question and the question of whether the Court should grant a certificate of appealability in the event that it denies the motion now.

     SO ORDERED.

Date:  January 30, 2017
       New York, New York

JESSE M. FURMAN
United States District Judge