# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street - 10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David Patton
*Executive Director and
Attorney-in-Chief*

September 12, 2017

**BY ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Sq.
New York, New York 10007

**Re:  *Henry Boone v. United States*, 02 Cr. 1185; 16 Civ. 4824**

Dear Judge Furman:

  I write in response to the Court's Order of September 11, 2017 in which the Court ordered the parties, in light of the Second Circuit's decision in *United States v. Jones*, No. 15-1518 (2d Cir. Sept. 11, 2017), to confer and advise as to the parties' position on whether the Court should continue to maintain the stay in this case.  If the Court is inclined to rule as it initially expressed in the January 30, 2017 Order, both parties request that the Court maintain the stay.  However, for the following reasons, the defendant, but not the Government, asks the Court to reconsider the merits of its initial inclination in light of *Jones*.

  Mr. Boone seeks to have his sentence pursuant to the Armed Career Criminal Act (ACCA) vacated because his prior convictions for New York robbery in the second degree and attempted robbery in the second degree do not qualify as "violent felonies" as defined by the ACCA after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*2015 Johnson*").

  On January 30, 2017, this Court indicated that it would deny Mr. Boone's petition because, although the Supreme Court's decision in *Johnson v. United States*, 559 U.S. 133 (2010) ("*2010 Johnson*") "casts some doubt on the continuing validity" of prior Second Circuit precedent (finding that New York robbery was a violent felony for purposes of ACCA), the Court could not "conclude that the Second Circuit or the Supreme Court is 'all but certain' to overrule" that precedent.  (Jan. 30 Order at 2).

  The Second Circuit's decision yesterday in *Jones* makes it plain that *2010 Johnson* has in fact altered previous Second Circuit law on the topic.  Although the Circuit ruled that Jones was not entitled to relief because of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) (refusing to extend *2015 Johnson*'s vagueness analysis to the advisory Sentencing

Hon. Jesse M. Furman                                              September 12, 2017
Southern District of New York                                     Re:  Henry Boone


Guidelines), a two-judge concurrence stated that *2010 Johnson* had "abrogated" previous Second Circuit precedent on whether New York robbery constitutes a crime of violence under the force clause:

> The district court, applying what it believed was the law of this circuit as it stood at that time, found that Jones' robbery conviction constituted a 'crime of violence' under the categorical approach to the Sentencing Guidelines.  *See United States v. Spencer*, 955 F.2d 814, 820 (2d Cir. 1992) (holding that, under the law of New York, the crime of attempted third-degree robbery constitutes a 'crime of violence' for the purposes of the 'force clause' of the Sentencing Guidelines), *abrogated by Johnson v. United States*, 559 U.S. 133 (2010) (*Johnson I*); *see also United States v. Reyes*, 691 F.3d 453 (2d Cir. 2012 (*per curiam*).

*Jones*, slip op. at 3 (Calabresi, J., joined by Hall, J., concurring). The two-judge concurrence in *Jones* went on to explain in a lengthy footnote how *2010 Johnson* changed the law and noted the Second Circuit's earlier recognition of that change in *Reyes*. *Id.* at 2-3 n.3. And the concurrence cited with approval the Sixth Circuit's recent decision in *United States v. Yates*, ___ F.3d ___, 2017 WL 3402084 (Aug. 9, 2017), which held that an "analogous" Ohio robbery statute was not a violent felony under ACCA's force clause. *Id.* at 4 n.3

The central holding in *Jones* -- that *Beckles* foreclosed relief -- does not impact Mr. Boone's petition because Mr. Boone does not challenge a Guidelines sentence; instead he challenges the very statute struck down by *2015 Johnson*, the ACCA.  But the concurrence's clear statement that *2010 Johnson* no longer merely casts doubt on previous Second Circuit precedent, but has in fact "abrogated" it, means that Mr. Boone's claims should be evaluated in light of the changed legal landscape.  In short, this Court is not bound by earlier Second Circuit precedent that is in conflict with *2010 Johnson*.  Just last week, Judge Oetken reached this conclusion and granted relief in an ACCA case. Opinion and Order at 15, *Buie v. United States*, No. 05 Cr. 664 (RCC) (JPO) (S.D.N.Y. Sept. 8, 2017) ("The Second Circuit precedent deeming New York robbery a violent felony under ACCA pre-dated *2010 Johnson*, and therefore does not reflect the Supreme Court's narrowing interpretation of the phrase "physical force.").

As such, for all the reasons Mr. Boone raised in his initial briefs, the Court should grant his requested relief.  Mr. Boone has been in prison since 2002 and is currently serving more time than lawfully permitted absent the enhanced penalty provisions of the ACCA.  Further delay in correcting his unconstitutional sentence is not warranted.

                              Respectfully submitted,

                              /s
                              David Patton
                              Attorney for Mr. Boone

cc:  A.U.S.A. Patrick Eagan, Esq.